UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DWAYNE N. HINGLE                          CIVIL ACTION


VERSUS                                    NO: 08-4277


SCOTTSDALE INSURANCE COMPANY              SECTION: "R" (5)



## ORDER AND REASONS

Before the Court is plaintiff Dwayne N. Hingle's Motion to
Remand to state court.  For the following reasons, the Court
GRANTS plaintiff's motion.


**I.    BACKGROUND**

This case arises from an automobile accident that occurred
on Interstate 10 in New Orleans, Louisiana on July 31, 2007.  The
accident allegedly involved an eighteen-wheeler operated by
plaintiff Dwayne Hingle and a car operated by Nina Nguyen and
owned by Christine Dinh.  Hingle's eighteen-wheeler was owned by
his employer, SDT, Inc.  SDT carried a commercial policy of

Uninsured/Underinsured Motorist insurance on the vehicle, issued by defendant Scottsdale Insurance Company.  Hingle alleges that Ms. Nguyen negligently switched lanes in front of the plaintiff and clipped the front passenger side of his vehicle, "jostling plaintiff around the cab of his vehicle and forcing him to wrestle with the vehicle's controls to maintain control, causing severe, painful personal injuries." (Complaint at ¶3, R. Doc. 1-1).  Hingle allegedly settled with Dinh's insurer "for minimal liability limits of $10,000." (Complaint at ¶V, R. Doc. 1-1).  On July 30, 2008, Hingle sued Scottsdale Insurance Company in the Civil District Court for the Parish of Orleans. (R. Doc. 1-1). Plaintiff claims an unspecified amount of damages due to the accident, alleging that he has "suffered pain, mental anguish and . . . severe and painful personal injuries" to his neck, shoulders and back. (Complaint at ¶IV, R. Doc. 1-1).  He claims monetary losses due to medical bills and "past, present and future physical pain and suffering, mental anguish, inconvenience and aggravation and other out-of pocket expenses." (Complaint at ¶VI, R. Doc. 1-1).  Scottsdale removed the action to federal court, invoking this Court's diversity jurisdiction. (R. Doc. 1). Plaintiff now moves to remand.

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in

state court if the federal court has original jurisdiction over the action. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002); 28 U.S.C. § 1441(a). "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). To assess whether jurisdiction is appropriate the Court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

In this case, defendant asserts diversity jurisdiction as the basis for removal. Diversity jurisdiction under 28 U.S.C. § 1332 exists only where the parties are citizens of different states and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Diversity of citizenship is undisputed. Therefore, the $75,000 requirement is the only issue relevant to this Motion to Remand.

**B.    Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Plaintiff filed his petition in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar*, 47 F.3d at 1412.  A defendant satisfies this burden by either (1) showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2)

4

setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that may allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412.  Where the facially apparent test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.  Once defendant establishes, by a preponderance of the evidence, that the amount in controversy is above $75,000, to prevent removal the plaintiff must show, to a legal certainty, that the recovery will not exceed the jurisdictional amount. *De Aguilar*, 47 F.3d at 1412.

## III. DISCUSSION

Plaintiff contends that defendant has not met its burden of proving that the amount of controversy exceeds $75,000. Defendant contends that it is facially apparent that the jurisdictional amount has been met.

The Court looks to the face of plaintiff's state court petition.  Plaintiff claims that he suffered pain and mental anguish, in addition to injuries to his neck, shoulders and back that "caus[ed] him to seek medical attention." (Complaint at ¶IV, R. Doc. 1-1).  Plaintiff seeks medical bills and damages for

5

past, present and future physical pain and suffering, mental
anguish, inconvenience and aggravation and other out-of-pocket
expenses. (Complaint at ¶VI, R. Doc. 1-1).  Plaintiff alleges
that these expenses "significantly exceed[] the primary insurance
limits" of $10,000. (Complaint at ¶VI, R. Doc. 1-1).  Plaintiff
also seeks payment for expert fees. (Complaint at ¶VIII, R. Doc.
1-1).  Defendant contends that "given the nature of the
plaintiff's injuries," the amount in controversy is met.

     The Court disagrees.  The analysis employed in *Felton v.*
*Greyhound Lines, Inc.*, F.3d 771, 774 (5th Cir. 2003), is
instructive.  In that case, the Fifth Circuit compared two
earlier cases — *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295,
298 (5th Cir. 1999), and *Simon v. Wal-mart Stores, Inc.*, 193 F.3d
848, 850-51 (5th Cir. 1999) — involving disputes over whether the
amount in controversy was met.  *Luckett* was a tort action brought
by a patient who suffered heart failure after an airline lost
luggage containing her heart medication. 171 F.3d at 298.  The
Fifth Circuit found that it was facially apparent that the amount
in controversy was met based on the complaint's allegations of
property damage, travel expenses, an ambulance trip, six days in
the hospital, and pain and suffering. *Id.*  In contrast, in *Simon*,
the Fifth Circuit held that damages that consisted of only an
injured shoulder, bruises, abrasions, unidentified medical
expenses and loss of consortium did not facially establish that

the jurisdictional amount was met. *Simon*, 193 F.3d at 850-51. The *Felton* court found that the case before it was more akin to *Luckett*. *Felton*, 324 F.3d at 774.  Confronted with a tort action brought by an elderly woman who fell off a bus and who alleged that she suffered a fractured right hip, required extensive hospitalization in a rehabilitation facility, and had already incurred over $40,000 in medical bills, the Court held that the plaintiff's allegations facially established that the amount in controversy exceeded $75,000. *Id.*

In contrast, the instant record is more akin to that in *Simon*.  Plaintiff has alleged injuries only to his neck, shoulders and back that have "caus[ed] him to seek medical attention." (Complaint at ¶IV, R. Doc. 1-1).  Plaintiff has not alleged that he stayed at the hospital or required an ambulance. Further, plaintiff has not stated his past medical bills with specificity, nor has he alleged future medical bills or lost wages.  Plaintiff's vague claims for "past, present, and future pain and suffering, mental anguish, inconvenience and aggravation and other out-of-pocket expenses" do not facially establish that the claim exceeds $75,000.  As defendant has not submitted any evidence to establish the jurisdictional amount, defendant has failed to meet its burden to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.

**IV.   CONCLUSION**

    For the foregoing reasons, the Court GRANTS plaintiff's Motion to Remand.


    New Orleans, Louisiana, this <u>3rd</u> day of November, 2008.

<u>   *Sarah Vance*   </u>

        SARAH S. VANCE
   UNITED STATES DISTRICT JUDGE